FILED
**Mar 27, 2023**
**01:50 PM(CT)**
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD



**TENNESSEE BUREAU OF WORKERS' COMPENSATION**
**WORKERS' COMPENSATION APPEALS BOARD**

| | |
|---|---|
| Donald D. Thomas | ) Docket No.      2021-08-0819 |
| | ) |
| v. | ) State File No.   45091-2021 |
| | ) |
| 10 Roads Express, LLC, et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Dale A. Tipps, Judge | ) |

---

## Affirmed and Certified as Final

The employee was a delivery driver for the employer when he reported what he believed to be a sprain to his left great toe as a result of pushing the clutch pedal. The employer provided a panel, and the selected physician diagnosed the employee with gout. The employer denied the claim, and the employee filed a petition for benefit determination. After the entry of a scheduling order, the employer obtained the deposition of the treating physician and filed a motion for summary judgment. The employee did not respond to the motion but later filed a motion for an extension of time after the deadline had passed to respond to the summary judgment motion. The trial court denied the motion for extension of time and granted the motion for summary judgment. The employee has appealed. Having carefully reviewed the record, we affirm the trial court's decision, find the appeal to be frivolous, and certify the decision as final.

Judge Meredith B. Weaver delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge Pele I. Godkin joined.

Robert L. Gatewood, Memphis, Tennessee, for the employee-appellant, Donald Thomas

Courtney J. Statham and W. Troy Hart, Knoxville, Tennessee, for the employee-appellee, 10 Roads Express, LLC[1]

---

[1] In orders issued prior to the compensation hearing order presently on appeal, the employer is identified as Salmon Brothers, LLC. This misidentification appears to be a typographical error. Our review of the record indicates the correct name of the employer is 10 Roads Express, LLC.

**Factual and Procedural Background**

Donald Thomas ("Employee") was working as a delivery driver for 10 Roads Express, LLC ("Employer"), when he reported a sprain to his left great toe that he believed was due to pushing the clutch pedal in his work vehicle, which he said occurred on or about December 30, 2020.[2] Employer provided a medical panel, from which Employee selected a Concentra clinic. Employee presented to Dr. Kelly Kaempf with complaints of pain and swelling but denied any history of trauma. Dr. Kaempf obtained and reviewed x-rays of Employee's left foot and noted localized swelling before diagnosing Employee with "acute gout . . . unspecified cause." Employee was released to return to work with driving restrictions.

Employee, who was self-represented at the time, filed a petition for benefit determination on August 19, 2021, seeking temporary disability benefits from January 7, 2021, to March 12, 2021. The court conducted a scheduling hearing and issued an order requiring, among other things, that all medical proof be completed by June 4, 2022. Two days prior to that deadline, Employer filed a motion for an extension of time due to Employee's failure to respond to written discovery requests and difficulties reaching Dr. Kaempf. It also filed a motion for summary judgment. The court granted the motion for an extension of time and extended the deadline to submit medical proof to September 9, 2022. Employer was able to locate and depose Dr. Kaempf by that deadline.[3] Employer filed a second motion for summary judgment on October 3, 2022.

On November 7, 2022, Employee filed a motion for extension of time to obtain medical proof, which the court denied, as the deadline for obtaining medical proof had passed. In a separate order filed on November 22, 2022, the court granted Employer's motion for summary judgment. In doing so, the court considered the facts contained in Employer's statement of undisputed facts to be undisputed due to Employee's failure to respond to the motion. The court also considered Employee's failure to come forward with evidence demonstrating that there were any genuine issues of material fact reflected in the record on which the court could base a decision in his favor.[4] Employee has appealed.

---

[2] The date of injury alleged in the petition for benefit determination is January 7, 2021, but upon review of the record, that appears to be the date of the first medical visit.

[3] Employee did not attend the deposition.

[4] Employer did not include on the face of the motion for summary judgment the date of the scheduled hearing, as required by Tenn. Comp. R. and Regs. 0800-02-21-.18(1)(c); however, we conclude there was no prejudice as Employee appeared at the hearing. Furthermore, Employee did not raise the issue, and thus we consider it waived.

## Standard of Review

The grant or denial of a motion for summary judgment is a matter of law that we review de novo with no presumption that the trial court's conclusions are correct. *See Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015). Thus, we must "make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied." *Id.* In reviewing a trial court's decision on a motion for summary judgment, we are to review the evidence in a light most favorable to the nonmoving party and draw all reasonable inferences in favor of the nonmoving party. *Lyles v. Titlemax of Tenn., Inc.*, No. W2017-00873-SC-WCM-WC, 2018 Tenn. LEXIS 520, at *5 (Tenn. Workers' Comp. Panel Sept. 14, 2018). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2022).

## Analysis

In his notice of appeal, Employee states that his "claim was denied as the injury was initially (and mistakenly) considered to be gout."[5] However, the notice of appeal does not identify any specific errors allegedly made by the trial court in granting Employer's dispositive motion. Employee also does not request any specific relief in his notice of appeal. Moreover, Employee did not file a brief in support of his appeal, and, as such, has provided no legal argument in support of his position.[6]

Despite the inadequacies in Employee's appeal, we must "make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied." *Rye*, 477 S.W.3d at 250. The Tennessee Supreme Court has explained the requirements for a movant to prevail on a motion for summary judgment as follows:

> [W]hen the moving party does not bear the burden of proof at trial, the moving party may satisfy its burden of production either (1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence *at the summary judgment*

---

[5] Although Employee was self-represented in the Court of Workers' Compensation Claims, Attorney Robert Gatewood filed the notice of appeal on Employee's behalf. Attorney Gatewood did not file an initial brief in support of Employee's appeal.

[6] Employee did file a brief entitled "Appellant's Response to Appellee's Brief." Under Tenn. Comp. R. and Regs. 0800-02-22-.06(3), "[t]he appellant shall file a brief within fifteen (15) calendar days after the issuance of the docketing notice." The rule further states the appellant has five business days after the appellee files its brief to file a reply brief, but *only* if the appellee's brief raises new issues not addressed in the appellant's initial brief. *Id*. As such, we did not consider Employee's purported "reply" brief for purposes of this appeal because he did not file an initial brief as required by the rules.

*stage* is insufficient to establish the nonmoving party's claim or defense. We reiterate that a moving party seeking summary judgment by attacking the nonmoving party's evidence must do more than make a conclusory assertion that summary judgment is appropriate on this basis. Rather, Tennessee Rule 56.03 requires the moving party to support its motion with "a separate concise statement of material facts as to which the moving party contends there is no genuine issue for trial." Tenn. R. Civ. P. 56.03. "Each fact is to be set forth in a separate, numbered paragraph and supported by a specific citation to the record."

*Rye*, 477 S.W.3d at 264-65. If the movant is successful in meeting that burden, the nonmoving party cannot rely on mere allegations but must demonstrate the existence of specific facts in the record that could lead a rational trier of fact to find in favor of the nonmoving party. Such evidence must be presented through affidavits or other means as specified in Rule 56. *Id.* at 265. Furthermore, as relevant to the issues presently before us on appeal, Rule 56.04 of the Tennessee Rules of Civil Procedure provides, in part:

Subject to the moving party's compliance with Rule 56.03, the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. The trial court shall state the legal grounds upon which the court denies or grants the motion, which shall be included in the order reflecting the court's ruling.

In its motion, Employer identified the following pertinent undisputed material facts:

1. [Employee] alleged an injury date of January 7, 2021.

2. 10 Roads Express provided medical treatment, including treatment with Dr. Kelly Kaempf, whom [Employee] selected from a panel.

3. During his treatment with Dr. Kaempf, [Employee] denied any specific trauma to his left foot.

4. Dr. Kaempf diagnosed [Employee] with gout, which she said was not related to his work.

Employer filed Dr. Kaempf's deposition contemporaneously with the motion, as well as several other uncertified and unauthenticated medical records from other providers. Employee did not file a response to the motion but did file several medical records from the Campbell Clinic, which were also uncertified and unauthenticated. The trial court declined to consider the medical records submitted by either party under Rule 56.04 of the

4

Tennessee Rules of Civil Procedure, stating it is allowed to "consider 'pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,' and medical records, standing alone, are not included in that list." *See Sadeekah v. Abdelaziz d/b/a Home Furniture and More*, No. 2020-06-0218, 2021 TN Wrk. Comp. App. Bd. LEXIS 19, at *13 (Tenn. Workers' Comp. App. Bd. June 22, 2021).

In light of Employee's failure to respond properly to the motion for summary judgment, the trial court found that the facts identified by Employer in its statement of undisputed facts were undisputed. Thus, the court concluded Employer was successful in submitting affirmative evidence negating an essential element of Employee's claim, namely, medical causation. The burden then shifted to Employee to present evidence of disputed material facts on which the trier of fact could base a decision in his favor. The trial court determined there were no such facts in the record and granted Employer's motion for summary judgment.

We discern no error with the trial court's decision, as the only properly submitted evidence contained in the record is the deposition of Dr. Kaempf, and Employee failed to respond to Employer's statement of undisputed material facts. There are no other pleadings, affidavits, discovery responses, or depositions to support Employee's position that his alleged injury arose primarily from his employment.

Finally, Employer argues this appeal is frivolous and asks for attorneys' fees and costs associated with this appeal. Specifically, Employer describes the notice of appeal as "vague" and notes Employee's failure to file a brief prior to the deadline as set forth in Tenn. Comp. R. and Regs. 0800-02-22.06. As we have noted previously, a frivolous appeal is one that is devoid of merit or brought solely for delay. *Yarbrough v. Protective Servs. Co., Inc.*, No. 2015-08-0574, 2016 TN Wrk. Comp. App. Bd. LEXIS 3, at *11 (Tenn. Workers' Comp. App. Bd. Jan. 25, 2016); *see also Burnette v. WestRock*, No. 2016-01-0670, 2017 TN Wrk. Comp. App. Bd. LEXIS 66, at *15 (Tenn. Workers' Comp. App. Bd. Oct. 31, 2017) ("Stated another way, a frivolous appeal is one that . . . had no reasonable chance of succeeding." (internal citation and quotation marks omitted)). Litigants "should not be required to endure the hassle and expense of baseless litigation. Nor should appellate courts be required to waste time and resources on appeals that have no realistic chance of success." *Yarbrough*, 2016 TN Wrk. Comp. App. Bd. LEXIS 3, at *10-11 (internal citations omitted). We agree that Employee presented no reviewable issues or legal argument on appeal and that this appeal had no realistic chance of success. Thus, we conclude Employee's appeal is devoid of merit and is frivolous. However, we exercise our discretion not to award attorneys' fees and costs.

## Conclusion

For the foregoing reasons, we affirm the decision of the trial court and certify it as final. Costs on appeal are taxed to Employee.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Donald D. Thomas | ) | Docket No.  2021-08-0819 |
| | ) | |
| v. | ) | State File No.  45091-2021 |
| | ) | |
| 10 Roads Express, LLC, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Dale A. Tipps, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 27th day of March, 2023.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Robert Gatewood | | | | X | rgatewood@bpjlaw.com<br>mchrisman@bpjlaw.com |
| Courtney Statham | | | | X | cjstatham@mijs.com<br>smsloan@mijs.com |
| Dale A. Tipps, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov